United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,      ) | Case No. 3:12-cv-03877-VC |
| )<br>Plaintiffs, )<br>) | **ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL** |
| v. )<br>) | **(Re:  Docket Nos. 58, 62)** |
| SAMSUNG ELECTRONICS CO., LTD. et al., )<br>) | |
| Defendants. )<br>) | |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,      ) | Case No. 3:12-cv-03880-VC |
| )<br>Plaintiffs, )<br>) | **(Re:  Docket Nos. 80, 81)** |
| v. )<br>) | |
| LG ELECTRONICS, INC. et al., )<br>) | |
| Defendants. )<br>) | |

In each of these two related cases, Defendants move to strike Plaintiffs' infringement

contentions[1] and Plaintiffs move to compel Defendants to produce discovery arising from those

_____

[1] *See* Case No. 12-cv-3877-VC, Docket No. 58 (Docket No. 83); Case No. 12-cv-3880-VC, Docket No. 80 (Docket No. 97).

1

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO
COMPEL

**United States District Court**
For the Northern District of California

contentions.[2]  At issue is whether Plaintiffs' contentions meet the requirements of Patent L.R. 3-1 and whether Plaintiffs properly accuse "instrumentalities"—Patent Local Rules-speak for products—that were never made, sold, used or imported, or released before the expiration of the patents-in-suit.  Because Plaintiffs' contentions are insufficient and improperly accuse instrumentalities that could not possibly infringe, the court GRANTS Defendants' motions to strike by ordering Plaintiff to supplement the contentions and DENIES Plaintiffs' motions to compel.

## I.

Rule 3-1(c) of the Patent Local Rules states that a patentee must provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."[3]  A plaintiff violates this rule where it fails to "provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'"[4]  The infringement contentions must be sufficient to raise a "reasonable inference that all the accused products infringe."[5]  A plaintiff cannot satisfy its Rule 3-1 obligations with "nothing more than a conclusion based 'on information and belief' that something exists or occurs."[6]

---

[2] *See* Case No. 12-cv-3877-VC, Docket No. 62; Case No. 12-cv-3880-VC, Docket No. 81.

[3] Patent L.R. 3-1(c); *see also Silicon Labs., Inc. v. Cresta Tech Corp.*, Case No. 5:14-cv-03227-PSG, 2015 WL 846679, at *1 (N.D. Cal. Feb. 25, 2015); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010); *Bender v. Freescale Semiconductor, Inc.*, Case No. 09-cv-1156-PHJ, 2010 WL 1689465, at *2-3 (N.D. Cal. Apr. 26, 2010); *InterTrust Techs. Corp. v. Microsoft Corp.*, Case No. 01-cv-1640-SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003) ("[The Rules] are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims.").

[4] *Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).

[5] *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002).

[6] *Solannex, Inc. v. MiaSolé, Inc.*, Case No. 11-cv-00171-PSG, 2013 WL 1701062, at *3 (N.D. Cal. April 18, 2013).

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

**United States District Court**
For the Northern District of California

1

2    "A patentee is not require[d] to provide a claim chart for each accused product if the chart

3    provided is representative of [charts for] the other accused products."[7]  If a patentee elects to

4    proceed by charting certain products as representative of others, "Rule 3-1 . . . requires Plaintiff to

5    articulate how the accused products share the same, or substantially the same infringing [qualities]

6    with any other product or with the . . . 'representative' product[]."[8]

7        Once a plaintiff has served adequate charts, Patent L.R. 3-4(a) requires a defendant to

8    produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other

9    documentation sufficient to show the operation of any aspects or elements of an Accused

10   Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart."[9]

11       Three years ago Plaintiffs filed these suits, alleging Defendants infringed three patents:

12   U.S. Patent Nos. 5,809,336, 5,440,749 and 5,530,890.[10]  The patents generally concern the design

13   and operation of microprocessors that are incorporated into a variety of consumer electronics

14   products.  The patents-in-suit issued from a common application filed August 3, 1989, by inventors

15   Charles Moore and Russell Fish, III.[11]  The '336 patent has been the subject of six ex parte

16   reexamination challenges before the United States Patent and Trademark Office, leading to the

17

18   _____

19   [7] *Infineon Technologies AG v. Volterra Semiconductor*, Case No. 11-cv-06239-MMC, 2013 U.S.
     Dist. LEXIS 109165, at *5, 15 (N.D. Cal. July 31, 2013) (citing *Renesas Tech. Corp. v. Nanya*
20   *Tech. Corp.*, Case No. 03-cv-5709-JF, 2004 U.S. Dist. LEXIS 23601, at *9, 12 (N.D. Cal. Nov. 10,
     2004) (holding Patent L.R. 3-1 does not require a claim chart for every accused product; plaintiff
21   need only provide enough information to "permit a reasonable inference that all accused products
     infringe.").

22
     [8] *Silicon Labs., Inc. v. Cresta Tech. Corp.*, Case No. 5:14-cv-03227-PSG, 2015 U.S. Dist. LEXIS
23   22951, at *3 (N.D. Cal. Nov. 10, 2004) (citing *Bender*, 2010 WL 1689465, at *3).

24   [9] Patent L.R. 3-4(a).

25   [10] *See* Case No. 12-cv-3877-VC, Docket No. 1.

26   [11] *See* Case No. 12-cv-3877-VC, Docket No. 66-1 at ¶ 10; Case No. 12-cv-3880-VC, Docket No.
27   90-1 at ¶ 10.

28
     Case No. 3:12-cv-03877-VC
     ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO
     COMPEL

issuance of two reexamination certificates, the first on December 15, 2009, and the second on November 23, 2010.[12] The '890 patent has been the subject of its own reexamination challenge, which led the issuance of a reexamination certificate dated March 1, 2011.[13]

These cases—and others—are related to a patent case Plaintiffs tried against HTC before the undersigned involving some of the same microprocessors[14] and the same infringement theory from the same expert—Vojin Oklobdzija—as Plaintiffs now proceed under against Defendants.[15]

The court stayed the present cases pending the resolution of an International Trade Commission Section 337 investigation. The investigation considered whether Defendants and others infringed one of the patents disputed here, the '336 patent.[16] In the ITC proceeding, Plaintiffs submitted an expert report from Oklobdzija setting forth his opinion that all modern, advanced microprocessors (including Defendants') operate in the same manner with respect to features relevant to the '336 patent claims at issue in this case.[17] Oklobdzija reiterated this same opinion at the ITC hearing, where, as before, he was subject to cross-examination. On September 6, 2013, the Administrative Law Judge issued an initial determination that Samsung and LG's products did not infringe.[18] On February 19, 2014, the full Commission issued a notice affirming

---

[12] *See id.*

[13] *See id.*

[14] *See HTC Corp. et al. v. Technology Properties Ltd. et al.*, Case No. 5:08-cv-00882-PSG.

[15] *See* Case No. 12-cv-3888-VC, Docket No. 90 at 2; Docket No. 90-1 at ¶ 5; Case No. 12-cv-3877-VC, Docket No. 66 at 2.

[16] *See* Case No. 12-cv-3877-VC, Docket No. 12; Inv. No. 337-TA-853.

[17] *See id.*

[18] *See* Case No. 12-cv-3877-VC, Docket No. 20 at 5-6; Case No. 12-cv-3880-VC, Docket No. 37 at 5-6.

4

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

**United States District Court**
For the Northern District of California

the ALJ's non-infringement findings, determining there was no violation by Samsung or LG, and terminating the investigation.  Plaintiffs did not appeal.

After lifting the stay, the court held a case management conference for these related cases in November 2014, in which it extended Plaintiffs' deadline to file its Rule 3-1 infringement contentions until January 20, 2015.[19]  Discovery commenced, and on January 20, 2015 Plaintiffs served their infringement contentions, accusing approximately 800 Samsung and 437 LG instrumentalities of infringing each of the asserted claims of each of the '336, '749 and '890 Patents.[20]  Plaintiffs' infringement contentions consist of:  (1) a short cover pleading;[21] (2) a separate attachment referred to as "Exhibit A" which purports to list accused instrumentalities from different Defendants[22] and (3) three claim charts, one for each patent-in-suit.[23]  The charts refer to microprocessors for the accused instrumentalities in large groups, organized by manufacturer, but identify only certain specific microprocessors for only certain specific instrumentalities.[24]

---

[19] *See* Case No. 12-cv-3877-VC, Docket No. 22.

[20] *See* Case No. 12-cv-3877-VC, Docket No. 58, at 4; Docket No. 58-1 at  ¶¶ 2-6; Docket No. 58-2, Ex. 1; Docket No. 58-3, Ex. 2; Docket No. 58-4, Ex. 3; Docket No. 58-5, Ex. 4; Docket No. 58-6, Ex. 5; Case No. 12-cv-3880-VC, Docket No. 80 at 5; Docket No. 80-2, Ex. A; Docket No. 80-3, Ex. B; Docket No. 80-4, Ex. G-1; Docket No. 80-5, Ex. G-2; Docket No. 80-6, Ex. G-3.

[21] *See* Case No. 12-cv-3877-VC, Docket No. 58-2, Ex. 1; Case No. 12-cv-3880-VC, Docket No. 80-3, Ex. B.

[22] *See* Case No. 12-cv-3877-VC, Docket No. 58-3, Ex. 2; Case No. 12-cv-3880-VC, Docket No. 80-2, Ex. A.

[23] *See* Case No. 12-cv-3877-VC, Docket No. 58-4, Ex. 3; Docket No. 58-5, Ex. 4; Docket No. 58-6, Ex. 5; Case No. 12-cv-3880-VC, Docket No. 80-4, Ex. G-1; Docket No. 80-5, Ex. G-2; Docket No. 80-6, Ex. G-3.

[24] *See* Case No. 12-cv-3880-VC, Docket No. 80 at 6.  Because the parties did not execute a "cross-use" agreement for discovery produced in the ITC proceeding, Plaintiffs served their infringement contentions without the benefit of using discovery already obtained from Defendants.

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

Citing what they view as substantial deficiencies in Plaintiffs' disclosure, Defendants refused to produce discovery or technical documents sufficient to show the operation of all of the accused instrumentalities identified in Plaintiffs' infringement contentions[25] except for those specific microprocessors disclosed.[26]  The parties met and conferred,[27] but having reached impasse, proceeded to file the instant motions.

Defendants request that the court strike Plaintiffs' infringement contentions in their entirety for failure to comply with Patent L.R. 3-1.[28]  Samsung alternatively requests an order (a) compelling amended contentions limited only to Samsung products previously identified in Table A.4 of Exhibit that include one of the identified microprocessors:  Qualcomm's MSM7227, MSM8660 and MSM8960; TI's OMAP4430, OMAP4460, OMAP4470 and OMAP3621; or Samsung's S3C6410; (b) requiring Plaintiffs to identify specifically where each limitation of each asserted claim is found within each accused Samsung instrumentality, including, at a minimum, providing a separate claim chart for each of these eight identified  microprocessors within the accused products; (c) excluding any instrumentality for which Plaintiffs do not have a good faith basis to believe infringement occurred in the United States during the life of the patent of which it is accused of infringing and (d) confirming that all other instrumentalities not containing these eight microprocessors (whether identified in Table A.4 of Exhibit A or otherwise) are excluded

[25] *See* Case No. 12-cv-3880-VC, Docket No. 90-1 at ¶ 5.

[26] *See* Case No. 12-cv-3877-VC, Docket No. 62 at 4; Case No. 12-cv-3880-VC, Docket No. 96 at 4.

[27] *See* Case No. 12-cv-3877-VC, Docket No. 58 at 7; Case No. 12-cv-3880-VC, Docket No. 80 at 8.

[28] *See* Case No. 12-cv-3877-VC, Docket No. 58 at 1; Case No. 12-cv-3880-VC, Docket No. 80 at 1.

6

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

**United States District Court**
For the Northern District of California

1  from the scope of this case for all purposes, including discovery, liability, damages and injunctive

2  relief.[29]

3      Also in the alternative, LG requests that the court compel Plaintiffs to submit infringement

4  contentions that: (a) are limited to the accused LG instrumentalities that were previously identified

5  in Table A.6 of Exhibit A and that include one of the disclosed microprocessors: Qualcomm's

6  MSM8960, MSM8660, MSM8260 and MSM7227 or TI's OMAP4430, OMAP4460 and

7  OMAP4470; (b) identify specifically where each limitation of each asserted claim is found within

8  each accused LG product, including, at a minimum, providing a separate claim chart for each of the

9  
10  above seven identified microprocessors and (c) exclude all other instrumentalities (identified in

11  Table A.6 of Exhibit A or otherwise) from the scope of this case for all purposes.[30]

12      Plaintiffs request an order pursuant to Fed. R. Civ. P. 37(a) compelling Defendants to

13  produce within five business days: (a) discovery related to technical issues in response to

14  Plaintiffs' second set of request for production Nos. 6-12; (b) discovery related to damages in

15  
16  response to Plaintiffs' second set of requests for production No. 4 and (c) discovery from the ITC

17  proceeding in response to Plaintiffs' first set of request for production Nos. 1-3.[31]

18                                    **II.**

19      This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The presiding judge referred

20  these related cases to the undersigned for all pretrial management.[32]

21  
22  
23  [29] *See* Case No. 12-cv-3877-VC, Docket No. 58 at 1.

24  [30] *See* Case No. 12-cv-3880-VC, Docket No. 80 at 1.

25  [31] *See* Case No. 12-cv-3877-VC, Docket No. 62 at 1; Case No. 12-cv-3880-VC, Docket No. 81 at
26  1.

27  [32] *See* Case No. 12-cv-3863-VC, Docket No. 41 at 1.

28
Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO
COMPEL

**United States District Court**
For the Northern District of California

### III.

Plaintiffs' infringement contentions fall well short of this district's requirements.  The court explains each of three key deficiencies in turn.

***First***, Plaintiffs' contentions do not properly specify "where each limitation of each asserted claim is found within each Accused Instrumentality."[33]  Plaintiffs say their contentions specifically identify each accused instrumentality by name and model number, along with specific accused microprocessors contained in each accused instrumentality to the extent possible.[34]  In support, Plaintiffs cite to thousands of pages of user manuals, Wikipedia and testimony from their technical expert Oklobdzija.[35]

The problem is with Plaintiffs' caveat "to the extent possible."  Plaintiffs admit they did not even determine whether some accused instrumentalities in fact include ***any*** accused microprocessor,[36] and that they specifically examined only a few.[37]  The contentions do not address any product individually on a limitation-by-limitation basis, and none of the accused instrumentalities are charted through an entire claim or against each limitation of each asserted claim.[38]  Instead, the contentions include a single claim chart for each patent that refers generically

---

[33] Patent L.R. 3-1(c).

[34] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 5-7; Case No. 12-cv-3877-VC, Docket No. 58-3, Ex.2 at 31-54.   LG does not appear to publicly disclose the specific microprocessor used in all of its product lines.  *See* Case No. 12-cv-3880-VC, Docket No. 90-1 at ¶ 8.

[35] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 8-9; Docket No. 58-4, Ex. 3 at 7-20; Case No. 12-cv-3880-VC, Docket No. 90 at 8-9.

[36] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 7; Case No. 12-cv-3880-VC, Docket No. 90 at 7.

[37] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 7; Docket No. 58-4, Ex. 3 at 7-20; Case No. 12-cv-3880-VC, Docket No. 90 at 8.

[38] *See* Case No. 12-cv-3778-VC, Docket No. 80 at 2.

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to "each Accused Product" and "each Accused Microprocessor."[39]  Considering that the whole point of the Local Rule is to give notice to accused infringers of where within their instrumentalities they allegedly infringe, this is insufficient.

Plaintiffs say the claim limitations apply to all of the accused microprocessors, such that Plaintiffs completely charted the microprocessors.[40]  They say they specifically identified the location and implementation of oscillators on the accused microprocessors.[41]  They also say they provided concrete examples of technologies that satisfy the claim limitations of the "off-chip clock" and "I/O interface" and other structural limitations.[42]  For the '890 and '749 patents, Plaintiffs say they make use of available literature regarding ARM architectures generally, and the charts themselves analyze documents specific to the accused microprocessors.[43]

But ARM microprocessors are a large family of processing cores developed over the last thirty years.  Even the subset of ARM processing cores allegedly found in the accused instrumentalities contains several different design generations and different members within those generations.  Plaintiffs do not provide any contentions regarding any of the relevant characteristics

---

[39] Case No. 12-cv-3877-VC, Docket No. 58-4, Ex. 3; Docket No. 58-5, Ex. 4; Docket No. 58-6, Ex. 5.

[40] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 10-11; Case No. 12-cv-3880-VC, Docket No. 90 at 11-12.

[41] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 7; Case No. 12-cv-3880-VC, Docket No. 90 at 7-8.

[42] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 9; Case No. 12-cv-3880-VC, Docket No. 90 at 9-10.

[43] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 10; Docket No. 58-4 at 7-12; Case No. 12-cv-3880-VC, Docket No. 90 at 10.

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

of these different ARM processors.[44]   This undifferentiated treatment throughout its infringement contentions is not sufficiently clear.

Plaintiffs also urge that the charted accused microprocessors are representative of other microprocessors contained in the accused products.[45]  They contend they have met their burden to show that all of the listed accused products share the same infringing qualities of the representative accused microprocessors referenced in the claim charts.[46]  Plaintiffs provide a footnote stating the infringement is based on the operation and implementation of their microprocessors, and give examples of this operation and implementation.[47]

But Plaintiffs' "representative product" approach is deficient.  Plaintiffs simply state that the operation and implementation of the seven and eight processors is "representative of the operation of the processors in each of the Accused Products" in Tables A.4 and A.6, "on information and belief."[48]  Plaintiffs have not shown how the listed products share the same allegedly infringing qualities as those for the seven and eight processors referenced in the

---

[44] *See* Case No. 12-cv-3880-VC Docket No. 80 at 6.

[45] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 11; Case No. 12-cv-3880-VC, Docket No. 90 at 11-12.

[46] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 11; Case No. 12-cv-3880-VC, Docket No. 90 at 11-12.

[47] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 11; Case No. 12-cv-3880-VC, Docket No. 90 at 11-12; *cf. Shared Memory Graphics*, 812 F. Supp. 2d at 1025; *Netlist, Inc. v. Smart Storage Sys.*, Case No. 13-cv-05889-YGR, 2014 U.S. Dist. LEXIS 45670, at *15-16 (N.D. Cal. Apr. 1, 2014) ("Rather than cite to a particular claim element that it believes is insufficiently linked to the accused product, [the alleged infringer] merely cites to the entire contentions and asserts that '[a] review' of the contentions 'confirms' that not every claim element is mapped on to the accused product."); *ASUS Computer Int'l v. Round Rock Research, LLC*, Case No. 12-cv-02099-JST, 2013 U.S. Dist. LEXIS 145824, at *3 (N.D. Cal. Oct. 8, 2013) (holding the infringement contentions provided adequate notice when alleged infringer did not explain why the infringement contentions did not give notice of patentee's theories of infringement of representative products).

[48] *E.g.* Case No. 12-cv-3877-VC, Docket No. 58-4, Ex. 3; Docket No. 58-5, Ex. 4; Docket No. 58-6, Ex. 5 (footnote 1 of each chart).

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(deficient) claim charts.[49]  The listed products contain dozens of different makes and models of processors.  And while some of the products are made by Qualcomm, Texas Instruments and Samsung, this alone does not render them "representative" of the two or three models identified in the claim charts.[50]  Many of the products in the tables do not identify any processor whatsoever, and many more include processors from manufacturers such as Zoran, Motorola, Marvell, STMicroelectronics, STEricsson and Nvidia, not mentioned anywhere in the claim charts.[51] Plaintiffs must either chart these processors or demonstrate how they are substantially similar to the allegedly representative processors for purposes of each asserted claim.

Plaintiffs may be right that Defendants' claims of confusion are dubious given the ITC and HTC proceedings, or that Defendants know well Plaintiffs' position that all modern, advanced microprocessors share the same infringing qualities relevant to the '336 patent.[52]  But the Rules do not give Plaintiffs an out simply because an accused infringer has other ways of understanding their infringement contentions.  Focusing on the contentions themselves, Plaintiffs clearly have not provided enough information to permit a reasonable inference that all accused products infringe in these related cases, which they must do for their contentions to stand.

---

[49] *See Silicon Labs.*, 2015 WL 846679, at *1; *Bender v. Infineon Technologies N. Am. Corp.*, Case No. 09-cv-02112-JW, 2010 WL 964197, at *1 (N.D. Cal. Mar. 16, 2010).  Like *Silicon Labs*, publicly available documents demonstrate "different structures that are material to the infringement of at least one of the asserted claims." *Silicon Labs.*, 2015 WL 846679, at *1.  Defendants cite the ARM1176 processor as an example, *see, e.g.*, Case No. 12-cv-3877-VC, Docket No. 58 at 11, which Plaintiffs dispute, *see, e.g.*, Case No. 12-cv-3877-VC, Docket No. 66 at 12-13.

[50] *See Bender*, 2010 WL 1689465 at *1-2; *Amaranth, Inc. v. Pizza Hut, Inc.*, Case No. 12-cv-1627-JLS, 2013 WL 3894880, at *1 (S.D. Cal. July 26, 2013).

[51] *See* Case No. 12-cv-3877-VC, Docket No. 58 at 3, 11; Case No. 12-cv-3880-VC Docket No. 80 at 12.

[52] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 3, 11; Case No. 12-cv-3880-VC Docket No. 90 at 2, 11, 12; *cf. Infineon*, 2013 U.S. Dist. LEXIS 109165, at *5.

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Second**, Plaintiffs' contentions provide only conclusory allegations.  Plaintiffs argue their contentions are based on far more than an unsupported conclusion based "on information and belief."[53]  This is because their contentions are based on Oklobdzija's analysis, "publicly available information" of Defendants and of third parties on all modern microprocessors, "reasonable conclusions" and specific analysis of several accused products and their accused microprocessors.[54]  The Patent Local Rules do not "require the disclosure of specific evidence [or] require a plaintiff to prove its infringement case."[55]

But reliance on "information and belief," Wikipedia, legal conclusions and cursory analysis[56] rather than evidence to establish specific claim limitations and representativeness does not comport with Patent L.R. 3-1.[57]  Plaintiffs' contention that they rely on public understandings

---

[53] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 14; Case No. 12-cv-3880-VC, Docket No. 90 at 3, 14-15; *cf. Solannex, Inc.*, 2013 WL 1701062, at *3 (holding a plaintiff cannot satisfy its Rule 3-1 obligations by responding with "nothing more than a conclusion based 'on information and belief' that something exists or occurs.") (citations omitted).

[54] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 14; Case No. 12-cv-3880-VC, Docket No. 90 at 3, 14-15.

[55] *Solannex*, 2013 WL 1701062, at *4 (citations omitted).

[56] *See* Case No. 12-cv-3877-VC, Docket No. 58-4, Ex. 3; Docket No. 58-5, Ex. 4; Docket No. 58-6, Ex. 5.  *See also* Case No. 12-cv-3880-VC, Docket No. 80 at 7 ("This lack of support could not have resulted from lack of available information regarding the design and operation of the accused functionality, because Plaintiffs admit that they had public technical information available at the time they prepared the Contentions."); Docket No. 80-8, Ex. D at 2 ("For example, PDS provided numerous citations to public ARM documents to support its contentions.").

[57] *See, e.g., Solannex,* 2013 WL 1701062, at *3; *Theranos, Inc. v. Fuisz Pharma LLC*, Case No. 11-CV-05236-YGR, 2012 WL 6000798, at *3 (N.D. Cal. Nov. 30, 2012) ("simply alleging 'on information and belief' and representing 'vague, conclusory, and confusing statements' does not satisfy the requirement that the identifications be 'as specific as possible.'"); *CSR Tech. Inc. v. Freescale Semiconductor, Inc.*, Case No. 12-cv-02619-RS, 2013 WL 503077, at *7-8 (N.D. Cal. Feb. 8, 2013).

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of microprocessors as a whole is inapposite because to do so their infringement contentions would have to be based upon "industry standards," and they are not.[58]

Plaintiffs also contend the '336 claim charts for elements 6.d and '890 element 12.b do not rely upon conclusory statements such that a person having ordinary skill in the art would not understand the infringement contentions. Plaintiffs say the '336 chart identifies the representative infringing structure, the operation of accused instrumentalities and how accused microprocessors of accused instrumentalities perform the recited limitations, and the '890 chart includes a diagram and links to literature.[59] This, to Plaintiffs, puts Defendants on reasonable notice of Plaintiffs' reasonable chance of proving infringement.[60]

But a bare assertion that a PHOSITA could locate the element in the accused instrumentality, without more evidence, does not comply with Rule 3-1.[61] Concluding that a PHOSITA could locate the element—as Plaintiffs do—does not "provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'"[62] Plaintiffs cannot wait for discovery before complying with their obligations under Rule 3-1; they must perform an analysis of information reasonably available to it, and disclose what

---

[58] *Cf. France Telecom, S.A. v. Marvell Semiconductor, Inc.*, Case No. 12-cv-04967-WHA, 2013 WL 1878912, at *1 (N.D. Cal. May 3, 2013) (dealing with infringement allegations based upon "industry standards.").

[59] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 14-15; Case No. 12-cv-3880-VC, Docket No. 90 at 3, 15.

[60] *See Shared Memory Graphics*, 812 F. Supp. 2d at 1025.

[61] *See, e.g.*, *Bender*, 2010 WL 1689465, at *4 ("Merely alluding to the fact that any electrical engineer would understand the infringement contentions is not sufficient.").

[62] *Shared Memory Graphics*, 812 F. Supp. 2d at 1025; *Bender*, 2010 WL 1689465, at *4.

13

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

instrumentality in each individual accused product allegedly practices each limitation of every asserted claim.[63]

*Third*, without explanation, Plaintiffs improperly accuse hundreds of instrumentalities of infringing, even though they either were never made, sold, used or imported in the United States; or they were released after the expiration of the '749 and '890 Patents. "Whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention *during the term of the patent* therefor, infringes the patent."[64] The '749 patent expired on August 8, 2012, and the '890 patent expired on June 25, 2013.[65]

At least 208 of the 437 accused LG products LG has never made, sold, used or imported into the United States.[66] Publicly available information shows many accused products were not released until after the '890 and '749 patents expired.[67] Plaintiffs say they believe the products would have been used, sold or offered for sale to carriers or at trade shows or submitted to the FCC before the patents expired, and Defendants are in the best position to verify the earliest possible

---

[63] *See Bender v. Maxim Integrated Prods., Inc.*, Case No. 09-cv-01152-SI, 2010 WL 2991257, at *2 (N.D. Cal. July 29, 2010).

[64] 35 U.S.C. § 271(a) (emphasis added).

[65] *See* Case No. 12-cv-3877-VC, Docket No. 1-2, Ex. A; Docket No. 1-3; Ex. B.

[66] *See* Case No. 12-cv-38880-VC, Docket No. 80 at 3; Docket No. 80-10, Ex. F; *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 441 (2007) (("[The] general rule under United States patent law is that no infringement occurs when a patented product is made and sold in another country."). There is a "strong policy against extraterritorial liability" in the patent law. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1378 (Fed. Cir. 2014).

[67] *See* Case No. 12-cv-3877-VC, Docket No. 58-1 at ¶ 13; Docket No. 58-3, Ex. 2 at 48; Docket No. 58-13, Ex. 11.

14

Case No. 3:12-cv-3877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

date of infringement associated with the accused products.[68]  Plaintiffs claim they were diligent by only identifying accused products that could have infringed on a date prior to the expiration of Patent Nos. '749 and '890.[69]

Plaintiffs' attempt to shift the burden to Defendants to identify which of the accused products post-dated the expiration of the patents is improper,[70] and Plaintiffs' listing of hundreds of products with no explanation does not show diligence.

## IV.

Plaintiffs' infringement contentions are plainly deficient.  As for what exactly to do about that, while Defendants argue they will be unfairly prejudiced if Plaintiffs are allowed to amend beyond the seven or eight charted processors, the court is persuaded that a nondispositive order requiring supplementation strikes the right balance.  "Where appropriate, courts treat a motion to strike as a motion to compel amendment to include additional information infringement contentions."[71]

Plaintiffs have 14 days to amend their infringement contentions to comply with Patent L.R. 3-1.  Plaintiffs must identify specifically where each limitation of each asserted claim is found

[68] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 16; *See* Case No. 12-cv-38880-VC, Docket No. 90 at 4, 16.

[69] *See* Case No. 12-cv-3877-VC, Docket No. 66 at 16; *See* Case No. 12-cv-38880-VC, Docket No. 90 at 16-17.

[70] *See* Case No. 12-cv-3877-VC, Docket No. 58-6, 58-7, Ex. 5; *Bender v. Maxim Integrated Prods., Inc.*, Case No. 09-cv-01152-SI, 2010 WL 1135762, at *2 (N.D. Cal. March 22, 2010) ("[P]laintiff bears the burden of providing infringement contentions that specify the location of every claim element within the accused products, so that the Court can make a principled decision on whether discovery will proceed.").

[71] *Blue Spike, LLC v. Adobe Sys., Inc.*, Case No. 14-cv-01647-YGR, 2015 WL 335842, at *4 (N.D. Cal. Jan. 26, 2015) (citing *Innovative Automation LLC v. Kaleidescape, Inc.*, Case No. 13-cv-05651 JD, 2014 WL 5408454, at *3 (N.D. Cal. Oct. 23, 2014); *France Telecom*, 2013 WL 1878912, at *2 (citations omitted); *FusionArc, Inc. v. Solidus Networks, Inc.*, Case No. 06–cv–06760-RMW, 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007)).

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

within each accused instrumentality, including, at a minimum, providing a separate claim chart for each accused microprocessor.  Plaintiffs must exclude any product for which Plaintiffs cannot show a good faith basis to believe infringement occurred in the United States during the life of the patent of which it is accused of infringing.  Because "[c]ourts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3– 1,"[72] Plaintiffs' motion to compel is DENIED.

**SO ORDERED.**

Dated:  July 11, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[72] *Digital Reg of Texas, LLC v. Adobe Systems Inc.*, 2013 WL 633406, at *5 (N.D. Cal. Feb. 20, 2013).

Case No. 3:12-cv-03877-VC
ORDER GRANTING-IN-PART MOTIONS TO STRIKE AND DENYING MOTIONS TO COMPEL